IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ELANA BROWN,                          )
                                      )
            Plaintiff,                )
                                      )
      v.                              )      Civil Action No.: 1:24-cv-509-SMD
                                      )
MARTIN O'MALLEY,                      )
Commissioner of Social Security,      )
                                      )
            Defendant.                )

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Commissioner's unopposed Motion to Remand (Doc. 6) pursuant to sentence six of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). As basis for remand, the Commissioner states that the underlying recording of the administrative hearing held on October 13, 2023 before the administrative law judge is largely inaudible. Motion (Doc. 6) p. 2. Therefore, the Commissioner requests remand to hold a *de novo* hearing before an administrative law judge. *Id*.

The first portion of sentence six of 42 U.S.C. § 405(g) provides that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security[.]" Without an audible recording of the October 13 hearing, the Commissioner cannot transcribe the hearing, thereby precluding this Court from reviewing the underlying record. This procedural defect is good cause to remand this case to the Commissioner of Social Security

for appropriate action. *See* H.R. Rep. No. 96-944 96th Cong., 2d Sess. 59 (1980) (indicating that an inaudible recording of the hearing is the type of circumstance anticipated by Congress for a sentence six remand).

With entry of this sentence six remand, the Court "does not rule in any way as to the correctness of the administrative determination." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Accordingly, Plaintiff is not a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412. *See Shalala v. Schaefer*, 509 U.S. 292, 297-298, 300-302 (1993). "In sentence six cases, the [EAJA] filing period does not begin until after the post-remand proceedings are completed, the [Commissioner] returns to court, the court enters a final judgment, and the appeal period runs." *Melkonyan*, 501 U.S. at 102.

Accordingly, it is

ORDERED that the Commissioner's Motion to Remand (Doc. 6) is GRANTED and this case is remanded pursuant to sentence six of 42 U.S.C. § 405(g) for action consistent with the Commissioner's motion to remand.

Although the Court retains jurisdiction over this action under sentence six of § 405(g), the Clerk of Court is DIRECTED to administratively close this case.

Done this 11th day of October, 2024.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE

2